## WALSH *v.* WALSH.

1. WILLS—CONFIDENTIAL RELATION BETWEEN PARENT AND CHILD INSUFFICIENT TO RAISE PRESUMPTION OF UNDUE INFLUENCE.

That a confidential and fiduciary relation existed between a son and his mother at the time she made her will leaving more of her property to him than to another son, *held,* insufficient, without other evidence, to raise a presumption that he exercised undue influence, or to cast upon him the burden of disproving undue influence.

2. SAME—RULES APPLICABLE TO GIFTS NOT EXTENDED TO WILLS WHERE RELATION THAT OF PARENT AND CHILD.

The strict rules applicable to gifts when confidential relations exist between the donor and donee are not extended to wills when the relation between the testator and devisee or legatee is that of parent and child.

3. SAME—UNDUE INFLUENCE NOT SHOWN.

In a will contest case evidence *held,* insufficient to show undue influence.

---

[1]Wills, 40 Cyc. pp. 1148, 1153; [2]Id., 40 Cyc. p. 1149; [3]Id., 40 Cyc. p. 1165; 28 L. R. A. (N. S.) 275; 11 A. L. R. 746; 28 R. C. L. 147; 4 R. C. L. Supp. 1802; 7 R. C. L. 796.

4. SAME—DECLARATIONS OF TESTATRIX NOT ADMISSIBLE WHERE NO UNDUE INFLUENCE SHOWN.

In the absence of evidence of undue influence, there was no foundation for admitting testimony of claimed declarations of the testatrix to show state of mind.

Error to Bay; Houghton (Samuel G.), J. Submitted April 11, 1928. (Docket No. 111.) Decided June 4, 1928.

Miles Walsh presented for probate the last will of Elizabeth Walsh, deceased. On petition of Gerald Walsh the will was certified to the circuit court. Judgment for proponent on a directed verdict. Contestant brings error. Affirmed.

*Hubert J. Gaffney* (*Carl H. Smith*, of counsel), for appellant.

*Kinnane & Leibrand* (*Collins & Thompson*, of counsel), for appellee.

CLARK, J. Elizabeth Walsh died at Bay City on September 24, 1926, leaving a will dated January 18, 1924. Two children survived her, Miles Walsh, the proponent, and Gerald Walsh, the contestant. The will was contested on the grounds of mental incompetency and undue influence. Proponent had judgment on directed verdict and contestant brings error.

We take the facts from the record without the aid of a statement under Supreme Court Rule No. 40. Mrs. Walsh and her husband, Thomas Walsh, owned considerable real estate as tenants by the entireties which passed to her as the survivor. Mr. Walsh died October 28, 1923, leaving a will which bestowed his estate upon Mrs. Walsh, sole legatee and devisee. Mr. Walsh "handled his business until he died." During the interval between his death and the making of

---

[4] Wills, 40 Cyc. p. 1159.

the will in question, less than three months, contestant lived at home with his mother most of the time. Early in January he went to Chicago, where he. was employed for nearly a year. Returning, he lived with his mother until his marriage, in May, 1926, and perhaps afterward.

The executor of the will of Mr. Walsh did not take "physical possession of the property." Miles Walsh, proponent, seems to have been more actively in charge of it. He co-operated with executor and advised with him. He assisted his mother and to a considerable degree managed her affairs. Testatrix in 1922 suffered an illness which produced partial paralysis. From that time until her death she was not active, spending most of her days in a chair at her home, reading, conversing with her friends and neighbors, using the telephone, and the like. She was without business experience as the term is commonly understood. There is no evidence that she, though physically impaired, was weak or incompetent mentally. All the evidence is to the contrary. Nor does the evidence indicate that she was easily influenced. She was strong mentally until her death, more than two years after making the will. She was fond of both her sons. Miles was kind and he was attentive to her wants. So was Gerald when he was at home. She said that she wished Gerald "would settle down." The record does not show that Miles, the proponent, had anything to do with the making of the will. He was not present when it was dictated nor when it was signed. It was drawn by Otto J. Manary, who at the time of the trial was assistant United States attorney for the eastern district of Michigan. Mr. Manary had been attorney for Thomas Walsh in his lifetime, and he had been of counsel for his estate. He was acquainted with testatrix. He was called by telephone to the Walsh home on the day the will was

made.    Testatrix alone with her attorney dictated the provisions of the will.    The attorney took notes of her directions, went to his office, put the will in form, and returned to Mrs. Walsh, when the will was read and duly and formally executed.    It contains a number of bequests to various persons of jewelry and money, a bequest of jewelry and a devise of real estate to Gerald, with residue, the larger portion of the estate, to Miles, and it nominated testatrix's brother-in-law, Charles C. Cook, executor.    Mental incompetency was not pressed in the trial court, and it is not urged very seriously here.    There is no evidence of it.

If it be conceded that at the time the will was made the relation between proponent and his mother, testatrix, was confidential, fiduciary, this, without more, would not here raise a presumption that proponent exercised undue influence over the testatrix, nor cast upon him the burden of disproving undue influence. Decisions of this court, too numerous to cite, when considered in the light of the facts of the particular case, do not require a different holding here.

"The strict rules applicable to gifts when confidential relations exist between the donor and donee are not extended to wills, when the relation between the testator and devisee or legatee is that of parent and child." 40 Cyc. p. 1149; citing *Tyson* v. *Tyson*, 37 Md. 567.

See 28 R. C. L. p. 146; 40 Cyc. p. 1148; *In re Cottrell's Estate*, 235 Mich. 627.    Of the converse, a conveyance from child to parent, the true rule in equity is stated to be, quoting note 11 A. L. R. 746:

"The rule most consonant with reason would seem to be, not that there is always a presumption of undue parental influence in every case of conveyance from a child to parent, or that there is always a presumption of validity in such a case, but rather that courts of equity, in examining such transaction, will carefully search for suspicious circumstances having a tendency to show unfairness or undue influence, and, in case

any such circumstances are found, will require the party claiming the benefit of the contract to clear the transaction of any such cloud."

A child, when a beneficiary of a parent, should not be penalized for honest and faithful service of the parent by raising a presumption of undue influence based solely on the relation necessarily incident to the service.

As has been said, the record does not show that proponent had anything to do with the making of the will. He was not present at the time. Testatrix was of sound mind. Her physical impairment and her inability to go about made it necessary that some one attend to her affairs. As stated in the record, "some one had to do it." That proponent was guilty of any wrong or fraud toward testatrix is not shown. The record suggests no reason for what proponent did except his regard for his mother and the necessity of the case. Of course, in a confidential relation there is opportunity to exercise undue influence, but here the relation, if conceded, added to the opportunity, is not, alone, evidence of undue influence.

No question of natural justice is here involved, as will appear by reading *In re Allen's Estate,* 230 Mich. 584. And in the absence of evidence of undue influence there was no foundation for testimony of claimed declarations of the testatrix to show state of mind. *In re Allen's Estate, supra.*

We need not prolong discussion, being of the opinion, after careful reading of the record and briefs, that the evidence presents no issue of undue influence. We find no reversible error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.